

**U. S. Department of Justice**

***Robert J. Higdon, Jr.***
*United States Attorney*
*Eastern District of North Carolina*

| | |
|---|---|
| *Terry Sanford Federal Building* | *Telephone (919) 856-4530* |
| *310 New Bern Avenue* | *Criminal FAX (919) 856-4487* |
| *Suite 800* | *Civil FAX (919) 856-4821* |
| *Raleigh, North Carolina 27601-1461* | *www.usdoj.gov/usao/nce* |

September 6, 2018

Joshua Lawson
General Counsel
North Carolina State Board of Elections
430 N. Salisbury St.
Raleigh, NC 27603-5918

Dear Mr. Lawson:

This letter follows up on the conversations and emails we have had over the last few days in response to receipt by the Board of Elections of grand jury subpoenas requesting voter information for a several year period. In our conversations and emails you raised several issues for which we want to memorialize our response and also suggest some measures to address valid concerns on the part of election officials.

The subpoenas were served on behalf of the federal grand jury on a timetable designed to avoid the possible destruction of documents under state law and Board of Elections procedures.

In our conversations you noted the difficulty that Boards of Elections may have in responding to the subpoenas by the deadline set in those subpoenas due to the press of business as final preparations are made for the upcoming November election. We understand and appreciate that concern and want to do nothing to impede those preparations or to affect participation in or the outcome of those elections. As such, provided the Board of Elections is willing to agree to the preservation of the subpoenaed documents as set forth in the attached preservation agreement, we are willing to extend the deadline for compliance until well after the upcoming election cycle is completed and the elected officials take office. Put more specifically, assuming the Board agrees to the preservation of the requested documents, we can postpone compliance until January 2019. We are also willing to agree to compliance with the subpoena on a rolling basis to allow for the effort and work which will be necessary to comply with the request.

You have also noted the voluminous nature of the documents which have been requested by the grand jury. Again, we understand. This is a common issue when subpoenas or document requests are made to government entities, corporate entities and, in some cases, individuals. Consistent with our normal practice, we are willing to discuss the scope of the subpoenas and work with you to determine whether that scope can be narrowed to ensure compliance while limiting production to those documents which are most relevant to the inquiry. In particular, it may be unnecessary to produce all cast ballots.

**GOVERNMENT EXHIBIT G**

Moreover, as part of the production process we want to protect the confidentiality of any cast ballot that is provided. Therefore, to the extent ballots are produced, we ask that the actual vote information be redacted, to the greatest extent possible. In other words, we want to prevent disclosure of any voter's actual choice of candidates in any race. That specific information is not relevant to our inquiry.

Finally, because you have informed us that the State Board of Elections does not represent the individual county Boards of Elections, we are copying those Boards with this letter (along with a similar preservation agreement) with the goal of resolving these issues in the same manner as to each Board.

We look forward to discussing these matters further. We are available at your convenience to resolve these issues in an effort to avoid any interference with the ongoing election cycle.

Sincerely,

Sebastian Kielmanovich
Assistant United States Attorney
Eastern District of North Carolina
310 New Bern Ave, Suite 800
Raleigh, NC 27601
(919)856-4530/4487(f)

Cc: County Boards of Elections within the Eastern District of North Carolina.

2