# UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. [SEALED]
CASE NO. [SEALED]

| | |
|---|---|
| IN RE SEALED MATTER | ) )<br>) )<br>) ) **MOTION TO INTERVENE AND IN**<br>) **SUPPORT OF**<br>) **UNSEALING RECORDS**<br>) **AND VACATING GAG ORDER**<br>) )<br>) )<br>) ) |

Pursuant to the Sealed Order of the Court entered on 16 April 2020,[1] Capitol Broadcasting Company, Incorporated d/b/a "WRAL-TV," The News and Observer Publishing Company d/b/a *The News & Observer*, WSOC Television, LLC, The Charlotte Observer Publishing Company d/b/a *The Charlotte Observer*, WTVD Television LLC, WUNC, LLC, The Associated Press, and The Washington Post (together, "Movants") respectfully move this Court to intervene in these proceedings for the limited purpose of asserting and protecting their and the people's presumptive right of access to judicial documents and proceedings, as conferred by the First Amendment to the Constitution of the United States; Article I, §§ 14, 18 and 24 of the North Carolina Constitution; and common law. Specifically, movants seek to challenge the sealing of these proceedings and entry of a seemingly

---

[1] Movants and their counsel appreciate the Court's understanding and grant of a 24-hour extension to file this Motion and its Memorandum in Support. Movants' counsel did not receive the Sealed Order until approximately 3:30 p.m. on 29 April 2020 via mail forwarded in conjunction with Gov. Cooper's Stay At Home Order.

indefinite gag order on the grounds that there are no compelling needs for the near-complete sealing of these matters including, without limitation, the case captions, case numbers, parties, and counsel, nor the entry and maintenance of an indefinite gag-order sufficient to overcome movants' and the public's presumptive right of access to judicial pleadings.

1.   Movants are all party-plaintiffs in *Capitol Broadcasting Co., Incorporated, et al. v. Circosta, et al.*, (Wake Co. Sup. Ct. File No. 19-CVS-12694) filed on 27 September 2019, seeking access to public records and information pursuant to North Carolina law (the "Public Records Action").

2.   On or about 13 December 2019, defendants in the Public Records Action filed responses to the Public Records Action attaching copies of the document attached to Movants' Motion for Leave to Intervene as **Exhibit A**.

3.   Movants have no legal interest in the merits or outcome of these cases and intervene solely for the purpose of protecting their rights and the rights of the public, pursuant to the United States Constitution to attend judicial proceedings and inspect and copy any court documents.

4.   "[R]epresentatives of the press and the general public must be given an opportunity to be heard on the question of their exclusion." *Globe Newspaper* Co. *v. Superior Court,* 457 U.S. 596, 609 n. 25, 102 S. Ct. 2613, 73 L. Ed.2d 248 (1982). A motion for leave to intervene is a proper (though not the only) vehicle for a member of the public to assert its interests and seek judicial redress. *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 252 (4th Cir. 1988). "[N]on-parties must be

permitted to intervene for the purpose of challenging any restrictions on the First Amendment right of access." *Perry v. City & Cnty. of San Francisco,* 10-16696, 2011 WL 2419868 (9th Cir. 2011). *See also In re Associated Press,* 162 F.3d 503, 508 (7th Cir.1998) ("the Press ought to have been able to intervene in order to present arguments against limitations on the constitutional or common law right of access"). "The right of public access is 'a right that any member of the public can assert,' whether it is for the purpose of reporting on a trial as it unfolds or researching jury selection ten years later." *In re Jury Questionnaires,* 37 A.3d 879, 884 (D.C. Cir. 2012).

5. Movants have been denied access to the judicial pleadings and have had their statutory and constitutional rights of access to public information curtailed without due process or authority.

6. The gag order also violates longstanding First Amendment jurisprudence. *In re Murphy-Brown, LLC,* 907 F.3d 788, 796 (4th Cir. 2018).

7. Allowing the Movants to intervene will allow them to protect the public's interest in access to judicial records and attending judicial proceedings.

WHEREFORE, Movants respectfully move the Court to permit their intervention, to unseal the records in these cases and to order that all future filings in these cases will be made publicly unless the Court determines upon an appropriate factual showing that sealing is warranted under the high standard set by the First Amendment and at common law, and that all future hearings or other proceedings in these matters will occur in open court.

Respectfully submitted this the 30th day of April, 2020.

STEVENS MARTIN VAUGHN & TADYCH, PLLC

/s/ Michael J. Tadych
Michael J. Tadych
N.C. State Bar No. 24556
Email: mike@smvt.com
C. Amanda Martin
N.C. State Bar No. 21186
Email: amartin@smvt.com
Hugh Stevens
N.C. State Bar No. 4158
Email: hugh@smvt.com
1101 Haynes Street, Suite 100
Raleigh, NC 27604
Telephone: 919-582-2300
Facsimile: 866-593-7695

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April 2020, I filed the foregoing **MOTION TO INTERVENE AND IN SUPPORT OF UNSEALING RECORDS AND VACATING GAG ORDER** with the Clerk of Court *by hand* as Movants are without access to the matters electronically via PACER or the CM/ECF system and mailed copies of same addressed to the following counsel who may potentially represent some of the parties to the sealed litigation:

Joshua H. Stein
Attorney General
Paul M. Cox
Special Deputy Attorney General
North Carolina Dept. of Justice
P.O. Box 629
Raleigh, NC 27602

Jennifer M. Jones
Senior Assistant County Attorney
Roger A. Askew
Senior Deputy County Attorney
Office of the Wake County Attorney
P.O. Box 550
Raleigh, NC 27602

This 30th day of April, 2020.

/s/ Michael J. Tadych