

**FILED**

FEB 2 6 2021

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-MJ-1036-BO
NO. 5:19-MJ-1037-BO

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>IN RE GRAND JURY SUBPOENAS )<br>)<br>)<br>)<br>) | THE UNITED STATES'<br>MEMORANDUM IN SUPPORT OF ITS<br>UNOPPOSED MOTION TO LIFT SEAL<br>AND FOR AUTHORITY TO DISCLOSE<br>CERTAIN GRAND JURY MATERIAL<br><br>(***EX PARTE* AND UNDER SEAL**) |

After diligent efforts and scores of prosecutions, the grand jury investigation

at issue in these proceedings has ended. As a result, the continued sealing of the

Court's docket and certain filings in this case is no longer necessary, particularly in

light of the media's pending appeal and the significant public interest in the election-

related issues that were under investigation. In addition, the United States believes

that its investigation may reveal potential violations of state law that the North

Carolina State Board of Elections ("NCSBE" or "Board") is authorized to investigate

further if it chooses, and has prepared a report summarizing them.

Accordingly, and pursuant to Federal Rule of Criminal Procedure 6(e), the

United States respectfully requests the following:

*First*, the Court should unseal the docket and filings in the above-captioned

proceedings on March 20, 2021, except for any filings that the United States

determines should remain sealed or be redacted. The United States respectfully

1

requests that it be allowed until March 19, 2021 to identify those filings and to file any redacted copies.[1]

*Second*, the Court should authorize the United States to immediately send to the Board the report filed contemporaneously with this motion.

*Third*, because the grand jury investigation has ended, the Board, the 44 county boards of elections in the Eastern District of North Carolina (collectively with NCSBE, "boards"), and the North Carolina Division of Motor Vehicles ("NCDMV" or "Division") no longer need to preserve records pursuant to the grand jury subpoenas issued on August 31, 2018. The United States respectfully requests that the Court release those records from the subpoenas.

*Fourth*, the Court should maintain under seal all other materials related to the grand jury investigation, including but not limited to any transcripts of witness testimony, any materials provided to or reviewed by the grand jury, or any other materials that would disclose a matter occurring before the grand jury.

The United States has conferred with counsel for the boards. The State Agencies consent to the relief requested in the Motion; but because they were not provided a copy of the Motion in advance of the filing, they do not necessarily consent to or agree with its contents otherwise. They reserve the right to respond once they are provided a copy of the Motion.

---

[1] To the extent the United States believes that any filings need to remain sealed or be redacted, the State has asked for an opportunity to be heard on the issue of sealing or redacting.

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On Election Day 2016, the NCSBE notified the United States Department of Homeland Security that suspected non-United States citizens had illegally registered to vote and, in fact, unlawfully voted in the general election. At a subsequent meeting with federal investigators, the Board identified hundreds of suspected non-citizens who had registered or voted, and agreed to cooperate fully with the federal investigation.

Inexplicably, the State and county boards refused to cooperate with that federal investigation. The United States consequently turned to the federal grand jury process.

Most directly relevant here, on August 31, 2018, the United States issued 46 grand jury subpoenas—one to the NCSBE, one to each of the 44 county boards of elections in the Eastern District of North Carolina, and one to the NCDMV.[2] Among other things, the subpoenas sought all documents related to suspected non-citizens who had registered to vote (but not necessarily voted) in North Carolina. Consistent with the standard practice in the Eastern District of North Carolina, none of those subpoenas were subject to a non-disclosure order.

On January 8, 2019, the boards and the NCDMV moved to quash the grand jury subpoenas issued to them. Ten days later, the Court held a sealed hearing on

---

[2] On August 28, 2018, the United States learned that potentially relevant materials would be subject to destruction beginning on September 8, 2018. *See* 52 U.S.C. § 20701; N.C. Gen. Stat. §§ 163A-1311(d), 163A-1312(d), 163A-1313. In part to preserve those records, the United States issued the grand jury subpoenas on August 31, 2018.

3

the motions to quash. The Court began by "set[ting] the ground rules" for this "core Grand Jury matter." January 18, 2019 Hearing Transcript ("Tr.") at 2. It emphasized that "[t]he matters discussed and reported here and decided here are under seal." Tr. at 2. The Court ordered that "no one is authorized to violate that seal under threat of sanction from the Court." Tr. at 2.

The Court ultimately denied the motions to quash because "[t]he parties represented at the hearing that there appears to be no dispute as to the United States' current request for the production of records relating to 564 individuals."[3] *In re Grand Jury Subpoenas*, Nos. 5:19-MJ-1036-BO, 5:19-MJ-1037-BO, [D.E. 15, at 1] (E.D.N.C. Jan. 22, 2019). The Court also denied the motions to unseal because they "failed to demonstrate that the unsealing of materials in this grand jury matter is warranted or appropriate." *Id.*

After the Court affirmed the validity of the grand jury subpoenas, the boards began complying with them. Specifically, around the beginning of February 2019, the Board produced to the grand jury materials related to 781 suspected non-citizen registrants in North Carolina. Over one-third (289) of those individuals registered in the Eastern District of North Carolina. The remaining 492 were referred to the

---

[3] In briefing and at the prior sealed hearing, the United States explained that the Board had disclosed approximately 700 non-United States citizens who were registered to vote, 136 of whom actually voted in the 2016 election. The Board had previously produced records related to the 136 voters. At the sealed hearing, the United States sought records for the remaining 564 non-citizen registrants. Now that the United States has received the subpoenaed records, it appears that there are 781 suspected non-citizens who registered in North Carolina, in addition to the 136 who actually voted.

4

United States Attorney's Offices for the Middle and Western Districts of North Carolina.

As this investigation progressed, the boards continued gathering and producing voter records to the grand jury. On May 3, 2019, for example, the NCSBE asked 32 county boards in this District to provide locally stored files related to suspected non-citizen registrants, including "any official ballot(s) and/or any signed poll book page(s) associated with that registration," as well as "any additional records associated with the registrant." *Capitol Broad. Co., Inc. v. Damon Circosta*, No. 19-CVS-12694, Amended Complaint ("Am. Compl."), at ¶ 20 & Ex. 1 (N.C. Super. Ct. Oct. 2, 2019).[4] Through a "[c]onfidential" email from then-General Counsel Joshua Lawson, the Board warned that the counties "must avoid any disclosure that could reveal the identity of the registrant(s)" whose records were gathered and transmitted. *Id.*, Am. Compl., Ex. 1. The Board produced those materials to the grand jury on August 8, 2019.[5]

Meanwhile, on May 10, 2019—and merely one week after the NCSBE directed the 32 county boards to retrieve documents pursuant to the grand jury subpoenas—WRAL News requested "access to and copies of all digitized voter data," other than

---

[4] Pursuant to Local Criminal Rule 47.2(c), E.D.N.C., a copy of the amended complaint was attached as Government Exhibit 2 to the United States' December 5, 2019 memorandum in support of its unopposed motion for a non-disclosure order. In the interest of efficiency, the United States has not reattached the amended complaint here.

[5] The United States believes that at least some of the documents that the Board gathered from the counties would have been legally subject to destruction but for the August 2018 grand jury subpoenas.

traceable ballots, that the Wake County Board of Elections had "submitted to the State Board of Elections in response to the agency's May 3, 2019, guidance from General Counsel Joshua Lawson." *Id.*, Am. Compl., Ex. 2; *see id.*, Am. Compl., ¶ 21. Notwithstanding the Board's admonition that the counties must not reveal registrant identities, WRAL News insisted that "no state statute exists that would exempt these data . . . from required public disclosure," irrespective of "whether . . . they are subject to a [grand jury] subpoena." *Id.*, Am. Compl., Ex. 2. On June 13, 2019, WRAL News made a similar request of the NCSBE. *Id.*, Am. Compl., ¶ 24 & Ex. 4.

After the North Carolina and Wake County boards of elections refused to provide the requested records, WRAL News and various other media outlets sought to compel their production through a public records action filed in Wake County Superior Court on September 27, 2019. *See generally id.*, Complaint ("Compl.") (N.C. Super. Ct. Sept. 27, 2019).[6] As explained above, all of those documents were produced to the grand jury in August 2019.

On December 5, 2019, and in an effort to protect the integrity of the then-ongoing investigation, the United States moved for a non-disclosure order against the boards to ensure that documents produced to and under review by the grand jury, as well as the names of potential targets, were not prematurely disclosed to the public. Counsel for the boards did not oppose the motion, and the Court granted it on

---

[6] Pursuant to Local Criminal Rule 47.2(c), a copy of the complaint was attached as Government Exhibit 1 to the United States' December 5, 2019 memorandum in support of its unopposed motion for a non-disclosure order. In the interest of efficiency, the United States has not reattached the complaint here.

6

December 12, 2019. The non-disclosure order was extended on May 28, 2020 and November 25, 2020, all without objection from the boards.

Shortly after the Court entered the non-disclosure order in December 2019, the boards answered the media's amended complaint in the public records action, and simultaneously moved to dismiss and/or for judgment on the pleadings. In addition to myriad state-law defenses, the boards cited the Court's non-disclosure order.

On March 23, 2020, the media moved for leave to file a motion to intervene in this grand jury matter, which the Court granted. The media filed its motion to intervene on April 30, 2020, along with a supporting memorandum. Consistent with United States Supreme Court precedent, and to protect the integrity of the investigation, the United States opposed the media's motion to intervene and the Court denied it.

On June 9, 2020, the media appealed that decision. [Redacted] [Redacted] Although cases pending before the United States Court of Appeals for the Fourth Circuit are typically unsealed and accessible to the public, the appellate court has maintained this Court's record under seal, and, over the media's opposition, has ordered that the parties' briefing, appendices, and certain other materials be filed under seal. *Id.*, [D.E. 3] (4th Cir. June 11, 2020) (sealing the district court record); *id.*, [D.E. 4] (4th Cir. June 11, 2020) (noting that the Fourth Circuit's case dockets and documents are typically available to the public, "even if the district court docket was sealed"); *id.*, [D.E. 28] (4th Cir. Aug. 25, 2020) (granting the United States' motion to seal certain

7

filings on appeal, including briefs, appendices, and disclosure statements filed by the media); *see also* Local Appellate Rule 25(c)(1)(A) (4th Cir. Jan. 25, 2021) (noting that the Fourth Circuit has authority to modify or amend a seal on appeal). The United States' appellate briefing was also Redacted

Redacted

The media's appeal remains pending. The United States understands that the media's public records action in Wake County Superior Court also remains pending, but in abeyance until the federal litigation over the non-disclosure order is resolved. The non-disclosure order is set to expire on February 26, 2021.

## SUMMARY OF THE UNITED STATES' INVESTIGATION

Although the United States' investigation was significantly hindered by a lack of cooperation from the boards, the documents the boards provided in response to the August 2018 grand jury subpoenas allowed the United States to identify, investigate, and prosecute voter-fraud cases. Fifty-one individuals, some of whom were in the United States illegally, have been or are being prosecuted in the Eastern District of North Carolina.[7] The United States identified at least another 25 individuals for whom pre-trial diversion was the more appropriate remedy, and scores of others whom the United States declined to prosecute for various reasons, most often because the investigation revealed that errors committed by the boards or poll workers were the root cause of illegal registration or voting.

---

[7] Some of the individuals referred to other federal districts have also been prosecuted. *E.g.*, U.S. Dep't of Justice, "Federal Authorities Charge Nineteen with Voter Fraud" (Sept. 2, 2020), *available at* https://www.justice.gov/usao-mdnc/pr/federal-authorities-charge-nineteen-voter-fraud (last visited Feb. 18, 2021).

The investigation also shed light on significant, and potentially systemic, failures in the registration process that appear to have contributed to unlawful registration and voting by non-United States citizens. Notably, the NCDMV appears to pre-populate voter registration forms with *affirmative* answers to the citizenship question and related attestation, regardless of whether the would-be signer is actually a United States citizen. It appears that non-citizens were, in fact, registered through the inaccurate, pre-populated forms.

Perhaps worse, the investigation revealed that the Board repeatedly registered non-citizens to vote even though the registrants expressly disclaimed United States citizenship on the registration form itself. In other instances, the Board processed registration forms despite that the non-citizens did not affirm their citizenship as required. Even some of the individuals who were criminally prosecuted and convicted for unlawful voting are still listed as "Active" voters on the Board's public website.

Further details about the United States' investigation are included in the contemporaneously filed report.

## STANDARD OF REVIEW

Under certain circumstances, and pursuant to Rule 6(e)(3)(E), a "court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter." Fed. R. Crim. P. 6(e)(3)(E). Although courts must analyze the potential disclosure under the particularized-need standard set forth by the United States Supreme Court in *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222-23 (1979), that standard "is a highly flexible one, adaptable to different

9

circumstances and sensitive to the fact that the requirements of secrecy are greater in some situations than in others." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 442-45 (1983), *superseded on other grounds by amendment to Fed. R. Crim. P. 6(e)*; *accord In re Grand Jury Proceedings, GJ-76-4 & GJ-75-3*, 800 F.2d 1293, 1298-1300 (4th Cir. 1986) (concluding that notwithstanding "some apparent linguistic rigor" suggesting otherwise, "a careful reading of the case law reveals that [the particularized-need standard] is principally a shorthand label for the flexibility and balance that is inherent in discretionary choice" (quotations and alternations omitted)). Ultimately, "[t]he determination" of whether and under what circumstances "to disclose grand jury materials under Fed. R. Crim. P. 6(e) is committed to the substantial discretion of the district court." *In re Sealed Case*, 801 F.2d 1379, 1381 (D.C. Cir. 1986); *see Sells Eng'g*, 463 U.S. at 445; *Douglas Oil Co.*, 441 U.S. at 223; *In re Grand Jury Proceedings, GJ-76-4 & GJ-75-3*, 800 F.2d at 1298-1300.

## ARGUMENT

For the reasons explained below, the Court should (1) unseal the docket and filings on March 20, 2021, except for documents that the United States determines should remain sealed or, at least, be redacted; (2) authorize the United States to immediately issue to the NCSBE the report filed with this motion; (3) release from the August 2018 grand jury subpoenas all records currently being preserved by the boards and the Division; and (4) maintain under seal all other materials related to the grand jury investigation, including but not limited to any transcripts of witness

10

testimony, any materials provided to or reviewed by the grand jury, or any other materials that would disclose a matter occurring before the grand jury.

## I. THE COURT SHOULD AUTHORIZE DISCLOSURE OF THE GRAND JURY MATTER IN CONNECTION WITH THE MEDIA'S APPEAL BY UNSEALING THE DOCKET AND CERTAIN FILINGS.

Pursuant to Rule 6(e)(3)(E)(i), a "court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminary to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i).

Here, the Court should authorize disclosure under that Rule. Because the grand jury has concluded its investigation, the need for continued sealing of the docket and certain filings is "reduced," *Douglas Oil Co.*, 441 U.S. at 222, and many of "the public interest considerations favoring secrecy are satisfied," *In re Grand Jury Proceedings, GJ-76-4 & GJ-75-3*, 800 F.2d at 1301.[8] The most notable exception is "the possible effect upon the functioning of future grand juries." *Douglas Oil Co.*, 441 U.S. at 222; *see In re Grand Jury Proceedings, GJ-76-4 & GJ-75-3*, 800 F.2d at 1301. But in this particular instance, that potential effect is minimal. Other than what is already publicly known because of the witnesses' own public commentary, the United States does not seek to disclose information that would reveal the identities of any

---

[8] The United States notes that "the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities." *Douglas Oil Co.*, 441 U.S. at 222; *accord Ill. v. Abbott & Assocs., Inc.*, 460 U.S. 557, 566 n.11 (1983). For this reason, among others, the United States does not seek to unseal or disclose any transcripts of witness testimony, any documents or exhibits that may have been prepared for or presented to the grand jury, or any other materials beyond the docket and certain filings in these proceedings.

Case 5:19-mj-01036-M   Document 83   Filed 03/25/21   Page 11 of 39

witnesses who may have testified before or provided documents to the grand jury, or the substance of their contributions. Nor does the United States seek to release documents provided to, prepared for, or reviewed by the grand jury. The Government instead seeks only to unseal the docket and certain filings in these proceedings, actions that would not have a significant chilling effect on future grand jury investigations. In any event, as an added protection, the United States is in the process of reviewing the filings in this case to determine whether any of them ought to remain sealed, or at least be redacted before unsealing.

The potential injustice in maintaining the seal indefinitely outweighs the reduced need for secrecy at this point in the case. The media has appealed the Court's decision to deny intervention. Because of the then-ongoing grand jury investigation and corresponding seal, however, the media has not had access to any of the United States' district-court filings. For the same reasons, the Government's appellate filings were also [Redacted] [Redacted] The media has repeatedly decried the challenges presented by those safeguards. [Redacted] [Redacted] Now that the grand jury investigation has concluded, and because the appeal remains pending, the United States agrees that the interests of justice no longer warrant that level of secrecy.

Indeed, matters pending at the Fourth Circuit are ordinarily open and accessible to the public, even if the proceedings were sealed at the district-court level. *See id.*, [D.E. 4, at 3]. Although the Fourth Circuit has sealed the record and, on

12

motion of the United States, many of the filings on appeal, *id.*, [D.E. 3, 11, 28], the United States has "emphasize[d] that any seal would be temporary" and that it "anticipates moving to unseal all district court and appellate filings (except Redacted

Redacted

Redact The United States believes that now is the appropriate time to do so.[9]

That the matters at issue here concern the integrity of federal elections that are the foundation of our democratic processes also warrants unsealing, now that the grand jury investigation has ended. In the distinctive context of this case, the United States believes that transparency outweighs the need for continued grand jury secrecy over the docket and certain filings.

Unsealing the docket and certain filings in these proceedings, moreover, would not disclose more of the grand jury matter than necessary for the pending appeal. The limited unsealing would reveal the contextual background supporting the Court's non-disclosure order and denial of intervention, both of which are the subject of the appeal. At the same time, it would not reveal more sensitive information, such as the identities of individuals who may have been investigated but not charged, the identities of the grand jurors, the identities of witnesses who may have testified before the grand jury, the substance of any grand jury testimony, or any documents that may have been prepared for, provided to, or reviewed by the grand jury. Because

---

[9] Consistent with that position, the United States anticipates apprising the Fourth Circuit of any records that are unsealed, so that they may also be unsealed for purposes of the appeal.

none of that more sensitive information is relevant to the appeal, the United States does not seek its disclosure.

For all of those reasons, and pursuant to Rule 6(e)(3)(E)(i), the United States respectfully requests that the Court permit the disclosure of this grand jury matter in connection with the pending appeal by unsealing the docket and filings in this case on March 20, 2021, except for any filings that the United States determines should remain sealed or be redacted. The United States respectfully requests that it be allowed until March 19, 2021 to identify those filings and to file any redacted copies.

## II. THE COURT SHOULD AUTHORIZE DISCLOSURE OF THE GRAND JURY MATTER TO THE BOARD FOR LAW-ENFORCEMENT PURPOSES.

In addition, the Court should authorize disclosure of the grand jury matter to the Board so that it may further investigate potential violations of state law. More specifically, the Court should authorize the United States to immediately release to the Board the report filed with this motion.

Pursuant to Rule 6(e)(3)(E)(iv), courts "may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . at the request of the government if it shows that the matter may disclose a violation of State . . . law, as long as the disclosure is to an appropriate state [or] state-subdivision . . . for the purpose of enforcing that law." Fed. R. Crim. P. 6(e)(3)(E)(iv).

Here, disclosure of the enclosed report is appropriate. In addition to identifying the cases the United States has pursued, the report summarizes other

14

potential problems or failures that have not been prosecuted federally, including the following:

- Erroneous determinations of voter eligibility;

- Registering non-citizens who either did not affirm United States citizenship or, worse, expressly disclaimed it;

- NCDMV's use of pre-populated registration forms that affirm citizenship when, by statute, the Division is supposed to ask registrants if they are citizens and inform them of the potential criminal consequences of registering if they are not, *see* N.C. Gen. Stat. § 163-82.19(a);[10]

- The failure to remove from voter rolls ineligible non-citizen registrants who have been prosecuted and convicted federally, *see* N.C. Gen. Stat. § 163-82.14(a); and

- The boards' inability to locate and produce registration documents for some non-citizen registrants.

Those and other issues identified in the report may violate state law, and are appropriately investigated and addressed at that level.

The United States believes that the NCSBE is the appropriate recipient of that information. The Board not only has "general supervision over the primaries and

---

[10] The United States recognizes that the use of pre-populated forms does not necessarily preclude NCDMV employees from questioning the prospective registrants as required. But whether the pre-populated forms have, as a matter of practice, supplanted the statutorily mandated questioning is for state authorities to investigate and address.

15

elections in the State," but "shall investigate when necessary or advisable . . . the administration of election laws, frauds and irregularities in elections . . . and shall report violations of the election laws to" appropriate officials "for further investigation and prosecution." N.C. Gen. Stat. § 163-22(a), (d); *see also* N.C. Gen. Stat. § 163-33(3) (authorizing county boards to conduct similar investigative activity in their respective jurisdictions, and requiring that any violations be reported to the Board). Although the Board has already reported potential violations to the federal government, it is possible that further action is appropriate at the state or county level, particularly with respect to the administration of state election laws or other potential irregularities that are beyond the federal purview.

In short, the United States respectfully requests that the Court authorize the United States to disclose the grand jury matter by immediately issuing the enclosed report to the Board.

## CONCLUSION

For these reasons, the Court should (1) unseal the docket and certain filings in the above-captioned proceedings on March 20, 2021, except for documents that the United States determines should remain sealed or, at least, be redacted; (2) authorize the United States to immediately issue to the NCSBE the report filed with this motion; (3) release from the August 2018 grand jury subpoenas all records currently being preserved by the boards and the Division; and (4) maintain under seal all other materials related to the grand jury investigation, including but not limited to any transcripts of witness testimony, any materials provided to or reviewed by the grand

16

jury, or any other materials that would disclose a matter occurring before the grand

jury.

Respectfully submitted, this 26th day of February, 2021.

ROBERT J. HIGDON, JR.
United States Attorney

By: /s/ C. Michael Anderson
C. MICHAEL ANDERSON
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
N.C. Bar Number: 42646
michael.anderson7@usdoj.gov

*Attorney for the United States*

17

CERTIFICATE OF SERVICE

I do hereby certify that on this 26th day of February, 2021, I have **not** served

a copy of the foregoing **sealed, ex parte** document on any party to this action.


By: /s/ C. Michael Anderson
C. MICHAEL ANDERSON
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
N.C. Bar Number: 42646
michael.anderson7@usdoj.gov
*Attorney for the United States*

RECEIVED
FEB 2 6 2021
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

# RESULTS OF INVESTIGATIONS, PROSECUTIONS, AND OUTCOMES OF NON-CITIZEN 2016 GENERAL ELECTION FRAUD RELATED ACTIVITY BASED ON INFORMATION PROVIDED BY THE NORTH CAROLINA STATE BOARD OF ELECTIONS

## DATE: FEBRUARY 26, 2021

## BACKGROUND

On November 8, 2016, the North Carolina State Board of Elections (NCSBE) orally notified the United States Department of Homeland Security, Homeland Security Investigations (HSI) that suspected non-United States citizens had illegally registered to vote and, in fact unlawfully voted in the general election.

At a February 21, 2017, meeting with HSI, the NCSBE identified approximately 700 suspected non-citizens who had registered to vote, 136 of whom actually voted in North Carolina during the 2016 federal election. The NCSBE agreed to provide HSI with identifying information for each of the 136 suspected non-citizen voters so that HSI could investigate the alleged criminal conduct. The NCSBE also agreed to cooperate fully with respect to the remaining 564 suspected non-citizen registrants.

On April 21, 2017, the NCSBE publicized their "Post-Election Audit Report". Particular to "non-citizens," the NCSBE stated, "41 non-citizens with legal status (green card, etc.) cast ballots. The state Constitution only permits U.S. citizens to register and to vote. The audit pairing state and federal databases identified an additional 34 voters who provided documents showing they *are* U.S. citizens. Investigators continued to review 61 additional records".

Subsequent to the February 21, 2017 meeting and the April 21, 2017, "Audit," and notwithstanding the promises of cooperation made at the February 21 meeting, the NCSBE failed to respond to requests for information in connection with the federal investigation. The United States consequently turned to the federal grand jury process.

Specifically, on May 5, 2017, the United States issued a grand jury subpoena to the NCSBE. That subpoena sought myriad documents and information regarding suspected non-citizens who had registered in North Carolina and voted in the 2016 federal election. Based on the information produced in response, the United States charged numerous people with violations of federal law. Furthermore, because the United States' investigation of those individuals suggested a more pervasive problem

1

than the Board disclosed, involving multiple permutations of voter fraud, the United States expanded the scope of its inquiry.

On August 28, 2018, the United States learned that potentially relevant materials would be subject to destruction beginning on September 8, 2018. In part to preserve those records, the United States decided to issue grand jury subpoenas.

On August 31, 2018, the United States issued 46 additional grand jury subpoenas – one to the NCSBE, one to each of the 44 county boards of elections in the Eastern District of North Carolina, and one to the North Carolina Division of Motor Vehicles (NCDMV). Among other things, the subpoenas sought all documents related to suspected non-citizens who had registered to vote (but not necessarily voted) in North Carolina.

From August 31, 2018 through January of 2019, the United States engaged in discussions with the NCSBE through their representatives from the North Carolina Department of Justice as to the production of documents demanded in the subpoenas.

On January 8, 2019, the NCSBE, the county boards and the NCDMV moved to quash the grand jury subpoenas issued to them.

On January 18, 2019, the district court held a sealed hearing on the motions to quash. The district court ultimately denied the motions to quash, and the NCSBE agreed to turn over the remaining 564 records relating to individuals that were addressed in the February 21, 2017 meeting with HSI.

On or about February 7, 2019, HSI received the production of requested documents from the NCSBE and initiated the investigation into those individuals.

On May 3, 2019, the NCSBE asked 32 county boards to provide locally stored files related to suspected non-citizen registrants, including "any official ballot(s) and/or any signed poll book page(s) associated with that registration," as well as "any additional records associated with the registrant". The NCSBE produced those documents to the grand jury on August 8, 2019. Subsequent to the records being analyzed by HSI, the records were the same material as what was produced from February 7, 2019, with the exception of being in a different format.

As a result of the analysis and investigation into non-citizens registering to vote and voting identified by the NCSBE, the following information details the results of these investigations, prosecutions, and outcomes. For purposes of this analysis, only those cases with venue in the Eastern District of North Carolina are included. The information contain herein is deemed to be accurate as of the date of this report.

2

## PHASE ONE

## NON-CITIZENS WHO VOTED (24)

The following chart shows those non-citizens who were charged with voting by alien, in violation of 18 U.S.C. § 611(a). Some individuals were also charged with additional crimes, such as false claim of United States citizenship in order to register to vote, in violation of 18 U.S.C. § 1015(f). Most have pled guilty to 18 U.S.C. § 611(a). Individuals whose names appear with initials, instead of full name, remain under seal and their cases have not been yet resolved.

| Defendant | Court File Number | Charge(s) | Disposition |
|---|---|---|---|
| A.B.A. | 5:18-CR-XXX-FL | 18 USC §§ 1015(f); 611(a) | SEALED - Fugitive |
| Elizabeth Nene Amachaghi, | 5:18-CR-297-FL | 18 USC §§ 1015(f); 611(a) | Pled Guilty: 02/14/2019 Charge: 18 USC § 611(a) Sentenced: 02/14/2019 $200 Fine |
| Alessandro Cannizzaro | 5:18-CR-328-BO | 18 USC § 611(a) | Pled Guilty: 10/10/2018 Charge: 18 USC § 611(a) Sentenced: 10/10/2018 $200 Fine |
| Maria Castillo-Boswell | 7:18-CR-135-D | 18 USC §§ 1015(f); 611(a) | Pled Guilty: 01/07/2019 Charge: 18 USC § 611(a) Sentenced: 04/17/2019 12 Months' Probation; $600 Fine |
| Dora Maybe Damatta-Rodriguez, | 7:18-CR-133-1FL | 18 USC §§ 1015(f); 611(a) | Pled Guilty:12/13/2018 Charge: 18 USC § 611(a) Sentenced: 04/11/2019 14 days Imprisonment; One Year Supervised Release; $500 Fine |
| Guadalupe Espinosa-Pena, | 5:18-CR-298-FL | 18 USC § 611(a) | Pled Guilty: 12/12/2018 Charge: 18 USC § 611(a) |

3

| | | | |
|---|---|---|---|
| | | | Sentenced: 04/09/2019 One Month Imprisonment; One Year Supervised Release |
| Diana Patricia Franco-Rodriguez, | 5:18-CR-299-FL | 18 USC §§ 1546(a); 611(a) | Pled Guilty: 04/18/2019 Charge: 18 USC § 611(a) Sentenced: 12/16/2019 $975 Fine |
| David Elvis Fullerton | 5:18-CR-300-BO | 18 USC §§ 1015(f); 611(a) | Pre-Trial Diversion: 05/21/2019 Charges: 18 USC §§ 1015(f); 611(a) Dismissed Upon Compliance: 11/20/2019 |
| Hyo Suk George | 7:18-CR-00138-BO | 18 USC § 611(a) | Pled Guilty: 01/17/2019 Charge: 18 USC § 611(a) Sentenced: 01/17/2019 $100 Fine |
| Angelika Rosemarie Harris | 5:18-CR-322-BO | 18 USC § 611(a) | Pled Guilty: 08/27/2019 Charge: 18 USC § 611(a) Sentenced: 08/27/2019 $50.00 Fine |
| Merious Jean | 5:18-CR-327-BO | 18 USC § 611(a) | Pled Guilty: 10/19/2018; Charge: 18 USC § 611(a) Sentenced: 01/16/2019 $100 Fine |
| Juan Landeros-Mireles | 5:18-CR-326-1D | 18 USC § 611(a) | Pled Guilty: 10/23/2018 Charge: 18 USC § 611(a) Sentencing: 02/19/2019 24 Months' Probation; First 2 Months House Arrest; Fine $1200; |
| R.W.L. | 5:18-CR-XXX-1BO | 18 USC § 611(a) | Deceased |
| Alma Mar-Escalante | 7:18-CR-00137-FL | 18 USC § 611(a) | Pled Guilty: 03/28/2019 Charge: 18 USC § 611(a) Sentenced: 03/28/2019 One Year Probation; $100 Fine |

4

| | | | |
|---|---|---|---|
| Olive Agatha Martin | 5:18-CR-301-FL | 18 USC § 611(a) | Pled Guilty: 02/14/2019 Charge: 18 USC § 611(a) Sentenced: 02/14/2019 $300 Fine |
| Ramon Paez-Jerez | 5:18-CR-00131-FL | 18 USC §§ 1542; 1028(A)(a)(1) | Pled Guilty: 08/14/2018 Charges: 18 USC §§ 1542; 611(a) Sentencing: 01/18/2019 12 Months and One Day Imprisonment; $5500 Fine; 3 Years Supervised Release; United States Citizenship Revoked and Judicially Deported; $125 Special Assessment |
| Denslo Paige | 5:18-CR-298-FL | 18 USC §§ 611(a) and 2 | Pled Guilty: 10/16/2018 Charge: 18 USC §§ 611(a) and 2 Sentenced: 02/07/2019 2 Months Imprisonment; 1 Year Supervised Release; $250 Fine |
| Jose Ramiro-Torres | 2:18-CR-29-BO | 18 USC § 611(a) | Pled Guilty: 10/19/2018 Charge: 18 USC § 611(a) Sentenced: 01/16/2019 $100 Fine |
| Daniel Romanowski | 5:18-CR-326-D | 18 USC § 611(a) | Pled Guilty: 11/19/2018 Charge: 18 USC § 611(a) Sentenced: 02/19/2019 One Year Probation; 2 Months House Arrest: $1200 Fine |
| Kaoru Sauls | 7:18-CR-131-BO | 18 USC §§ 1015(f); 611(a) | Plead Guilty: 02/22/2019 Charge: 18 USC § 611(a) Sentenced: 03/22/2019 $100 Fine |
| Luzmilla Sevilla-Burbano | 5:18-CR-324-BO | 18 USC § 611(a) | Dismissed: 11/18/2019 According to |

5

| | | | NCSBE records, the defendant's mother voted on her behalf due to a poll worker error. (see more detail below) |
|---|---|---|---|
| Sarah Silverio-Polanco | 5:18-CR-302-D | 18 USC §§ 1015(f); 611(a) | Pre-Trial Diversion: 06/04/2019 Charge: 18 USC §§ 1015(f); 611(a) Dismissed Upon Compliance: 06/09/2020 |
| Dieudonne Soifils | 4:18-CR-00045-FL | 18 USC § 611(a) | Pled Guilty: 10/16/2018 Charge: 18 USC § 611(a) Sentenced: 02/07/2019 12 Months' Probation |
| Jose Solano-Rodriguez | 5:18-CR-293-BO | 18 USC §§ 1015(f); 611(a) | Pled Guilty: 10/18/2018 Charge: 18 USC § 611(a) Sentenced: 01/17/2019 $100 Fine |

## PHASE TWO

## NON-CITIZENS WHO WERE REGISTERED TO VOTE DESPITE NOT ANSWERING WHETHER THEY WERE CITIZENS OF THE UNITED STATES (8)

One of the primary federal charges against the individuals named above was that they filed a document falsely claiming to be a United States citizen, based on the representation made in their voter registration application (18 USC § 1015(f)). In the referred matters below, no prosecution was brought because the NCSBE allowed the non-citizens to register to vote, despite their being no actual representation on the form that the person was a United States citizen. Therefore, the non-citizen could not be prosecuted; but this points out a serious problem with the NCSBE's procedures for allowing individuals, including non-citizens, to register to vote without answering whether they are a citizen of the United States. In addition, at least one of these individuals appeared to have been allowed to vote by the NCSBE, but the statute of limitations has run on that charge.

6

Thus, the following list shows those non-citizens who were improperly registered to vote by the NCSBE (i.e., no answer to "Are you a citizen of the United States?" question in voter application, and attestation "I am a United States citizen, *as indicated above*"). These individuals could not be prosecuted for false claim of United States citizenship in order to register to vote, in violation of 18 U.S.C. § 1015(f).

1. <u>S.A.R.</u>: registered 03/16/2016, NCSBE accepted the application with no answer in Part 1 relating to United States citizenship and age. Part 7 was signed attesting to United States citizenship "as indicated above".

2. <u>W.L.</u>: first registered on 12/18/1995, in Cumberland County, North Carolina, and was assigned a voter registration number, which indicates that W.L. voted on 05/07/1996. W.L., again registered on 10/03/2016, in Cumberland County, North Carolina and was assigned another voter registration number. At the time W.L. completed the application, no answers were provided at the top of the application to affirm either United States citizenship or age. W.L voted on 11/08/2016 in the presidential election.

3. ████████████████ first registered on 10/2/2014, in Craven County, North Carolina. NCSBE accepted the application with no answer as to the United States citizenship question, and form that indicated "as indicated above" under the attestation portion ████ again, registered on 10/06/2015, after indicating that he was a United States citizen. ████ was prosecuted for the 2015 registration as detailed below.

4. <u>O.G.</u>: registered on 07/22/2015 using a Spanish voter registration application in Wake County, North Carolina. NCSBE accepted the application with no answer as to United States citizenship and form contained certification of citizenship "as indicated above" under attestation portion. NCSBE registered O.G. on 07/27/2015.

5. <u>R.G.A.</u>: registered on 10/11/2016, in Onslow County, North Carolina. NCSBE accepted the application with no answer as to United States citizenship. The

7

form stated in attestation portion "as indicated above" as to United States citizenship. NCSBE registered R.G.A. on 10/14/2016.

6. A.J.S.: completed a provisional voting application on an unknown date, in Robeson County, North Carolina. NCSBE accepted the application with no answer provided on the form that indicated United States citizenship status and age. The form was not signed nor dated under "Voter's Affirmation of Eligibility to Vote". An election official signed the form, and A.J.S. was registered on 11/08/2016.

7. K.K.A.: completed a voter registration application on 08/29/2016, in Wake County, North Carolina. NCSBE accepted the application with no answer provided as to United States citizenship. The form's attestation contained language "as indicated above" as to United States citizenship. NCSBE registered K.K.A. on 09/26/2016.

8. R.V.M.: completed a voter registration application on an unknown date in Pitt County, North Carolina. NCSBE accepted the application with no answer provided as to United States citizenship. NCSBE registered R.V.M. on 09/27/2016.

## UNABLE TO PROSECUTE FOR 18 U.S.C. § 1015(F) DUE TO VOTER REGISTRATION DESPITE CHECKING "NO" TO QUESTION "ARE YOU A CITIZEN OF THE UNITED STATES OF AMERICA?" (12)

**Even more troubling than the eight individuals listed above, there were at least twelve individuals who actually told the truth on their application to register to vote (i.e., indicated that they were not United States citizens on the form), but were nevertheless allowed to register to vote. At least one of these individuals was nevertheless allowed to vote by the NCSBE.**

1. H.A.: completed a voter registration application on 08/26/1994, in Wake County, North Carolina, and answered "No" to the question "Are you a citizen of the United States of America?" Nonetheless, the NCSBE registered H.A. to vote on 08/30/2016.

8

2. <u>T.G.M.</u>: completed a provisional voting application on 11/05/2016, in Vance County, North Carolina, and answered "No" to the question "Are you a citizen of the United States of America?" Nonetheless, the NCSBE registered T.G.M. on 11/05/2016.

3. <u>Gabriela Guzman-Miguel</u>: completed a voter registration application on 03/07/2016 in Wake County, North Carolina, and answered "No" to the question "Are you a citizen of the United States of America?" Nonetheless, the NCSBE processed the application and registered Guzman-Miguel on 03/15/2016. Guzman-Miguel voted in the 03/15/2016 primary, and the 11/08/2016 general election as detailed below.

4. <u>A.I.</u>: completed a voter registration application on 09/04/2015, in Onslow County, North Carolina, and answered "No" to the question "Are you a citizen of the United States of America?" Nonetheless, the NCSBE processed the application and registered A.I. on 09/24/2015.

5. <u>R.M.</u>: completed provisional ballot envelope on 03/05/2016, in Wake County, North Carolina, and answered "No" to the question "Are you a citizen of the United States of America?" Nonetheless, the NCSBE processed the application and registered R.M. on 03/15/2016.

6. <u>G.T.N.</u>: completed a voter registration application on 07/01/2016, in Camden County, North Carolina, and answered "No" to the question "Are you a citizen of the United States of America?" Nonetheless, the NCSBE processed the application and registered G.T.N. to vote on 07/12/2016.

7. <u>A.Q.</u>: completed a voter registration application on 05/02/2016, in Wake County, North Carolina, and answered "No" to the question "Are you a citizen of the United States of America?"). Nonetheless, the NCSBE processed the application and registered A.Q. on 05/10/2016. A.Q. is still listed as "active" on the NCSBE public site.

8. <u>S.S.</u>: completed a voter registration application on 09/08/2016, in Wake County, North Carolina, and answered "No" to the question "Are you a citizen of the United States of America?" Nonetheless, the NCSBE processed the application and registered S.S. to vote on 09/14/2016.

9. <u>R.S.</u>: completed a voter registration application on 08/11/2016, in Wake County, North Carolina, and answered "No" to the question "Are you a citizen

9

of the United States of America?" Nonetheless, the NCSBE processed the application and registered R.S. to vote on 08/11/2016.

10. O.S.N.: a voter registration application was completed on 11/09/2016, in Wake County, North Carolina. At first it appears the answer to the question "Are you a citizen of the United States of America?" was marked "No". However, the "No" was crossed out and then "Yes" was checked. The applicant's signature does not appear to be O.S.N. NCSBE processed the application and registered O.S.N. to vote on 11/09/2016.

11. A.S.: completed a voter registration application on 04/01/2016, in Wake County, North Carolina, and answered "No" to the question "Are you a citizen of the United States of America?" Nonetheless, the NCSBE processed the application and registered A.S. on 04/14/2016.

12. R.N.W.: completed a voter registration application on 11/04/2016, in Craven County, North Carolina, and answered "No" to the question "Are you a citizen of the United States of America?" Nonetheless, the NCSBE processed the application and registered R.N.W. to vote on 11/04/2016.

## UNABLE TO PROSECUTE 18 U.S.C. § 1015(F) DUE TO NCSBE AND COUNTY BOARDS OF ELECTIONS UNABLE TO LOCATE COPIES OF VOTER REGISTRATION APPLICATIONS (4)

**In at least four of the cases, neither the NCSBE nor the applicable County Board of Elections was able to find the actual voter registration application.**

1. M.G.D.: registered 05/19/2016, in Robeson County, North Carolina. Neither Robeson County nor NCSBE could obtain, locate, or retrieve originals or copies of the voter registration application.

2. M.P.P.: registered 04/11/2016, in Robeson County, North Carolina. Neither Robeson County nor NCSBE could obtain, locate, or retrieve originals or copies of the voter registration application.

3. M.M.P.: registered 04/11/2016, in Robeson County, North Carolina. Neither Robeson County nor NCSBE could obtain, locate, or retrieve originals or copies of the voter registration application.

10

4. <u>M.P.W.</u>: registered on 03/16/2016, in Wake County, North Carolina. Neither Wake County nor NCSBE could obtain, locate, or retrieve originals or copies of the voter registration application.

## CASE DISMISSED - POLL WORKER ERROR (1)

<u>Luzmila Sevilla-Burbano</u>: According to NCSBE records, Sevilla's mother, who has a substantially similar name, voted on her behalf due to a poll worker error. In particular, Sevilla's mother's vote was erroneously attributed to the Sevilla's voter registration number even though Sevilla did not vote. Sevilla's mother was naturalized as a United States citizen prior to the 2016 General Election and was registered to vote. Per NCSBE, the poll worker apparently did not notice, was not trained, and/or required to inquire about the 27-year age discrepancy between Sevilla and her mother. The indictment was dismissed.

## OUTSIDE STATUTE OF LIMITATIONS (9)

**Pursuant to 18 U.S.C. § 3282, the statute of limitations for most federal crimes is five years. The following non-citizens could not be prosecuted for 18 U.S.C. § 1015(f) due to delays in the production of documents by NCSBE and thus the United States' impossibility to timely file charges within five years after the offense was committed.**

1. <u>A.G.R.</u>: registered on 06/15/2015, Cumberland County, North Carolina.

2. <u>D.K.</u>: registered on 08/18/2014 in Wake County, North Carolina.

3. <u>F.R.G.</u>: registered on 07/26/2014, in Wake County, North Carolina.

4. <u>W.R.D.</u>: registered on 09/30/2014, in Granville County, North Carolina.

5. <u>Y.S.L.</u>: registered on 10/04/2014, in Brunswick County, North Carolina.

6. <u>S.V.M.</u>: registered on 08/25/2014, in Johnston County, North Carolina.

7. <u>A.Y.</u>: registered on 09/02/2014, in Wake County, North Carolina.

11

8. <u>M.A.C.</u>: registered on 09/25/2014, in Wilson County, North Carolina.

9. <u>M.D.M.</u>: registered on November 7, 2015, in Wayne County, North Carolina.

## MINOR AT TIME OF REGISTRATION (1)

<u>I.S.C.</u>: is a citizen and national of Mexico, illegally residing in the United States. I.S.C. was registered on 03/07/2016, in Nash County, North Carolina. I.S.C. was 17 years of age at the time he registered to vote.

## INDICTMENTS (26)

**The following chart shows those non-citizens who have been indicted for making false claims of United States citizenship in order to register to vote or false statements in immigration applications concerning previous claims of United States citizenship in voter registration applications. Those names who are initialed have not yet been arrested, and their indictments remain under seal.**

| Defendant | Court File Number | Charge(s) | Date |
|---|---|---|---|
| Prince Obambo-Boboya | 5:19-CR-367-FL | 18 U.S.C. §§ 1015(f); 1425(a); 1546(a); 1015(a) | 09/10/2019 |
| Fathy Ahmed Nasser Almalikie | 5:19-CR-497-BO | 18 U.S.C. § 1015(f) | 12/11/2019 |
| H.A.B. | 5:20-CR-XXXX | 18 U.S.C. §§ 1015(f); 922(g)(5) | 03/05/2020 |
| Byron Rene Benavides-Campos | 5:20-CR-113-M | 18 U.S.C. §§ 1425(a); 1546(a);1015(a) | 03/05/2020 |
| Ruth Elizabeth Bran | 5:20-CR-112-BO | 18 U.S.C. §§ 1015(f); 1425(a), 1546(a); 1015(a) | 03/05/2020 |
| Jeffrey Kenneth Hamilton | 7:20-CR-36-D | 18 U.S.C. §§ 1425(a); 1546(a); 1015(a) | 03/05/2020 |

12

| Denis Javier Miranda | 5:20-CR-241-FL | 18 U.S.C. §§ 1015(f); 611(a) | 05/19/2020 |
|---|---|---|---|
| Odalinda Mondragon-Arroyo | 5:20-CR-243-FL | 18 U.S.C. §§ 1015(f); 1425(a); 1546(a); 1015(a) | 05/19/2020 |
| Ikechukwu Agustine Okeke | 5:20-CR-242-M | 18 U.S.C. § 1015(f) | 05/19/2020 |
| Jhony Cristian Camacho-Torres | 5:20-CR-369-M | 18 U.S.C. § 1015(f) | 08/05/2020 |
| Sander Darious | 5:20-CR-370-BR | 18 U.S.C. § 1015(f) | 08/05/2020 |
| <span style="background:black">Redacted</span> | 4:20-CR <span style="background:black">Redacted</span> | 18 U.S.C. § 1015(f) | 08/05/2020 |
| Gessyca Evene Jeaspautine Missie | 5:21-CR-8-BO | 18 U.S.C. §§ 1425(a); 1546(a); 1015(a) | 01/06/2021 |
| Andy Ramon Nunez-Orellana | 5:21-CR-9-D | 18 U.S.C. § 1015(f) | 01/06/2021 |
| Y.J.S. | 4:21-CR-XXXX | 18 U.S.C. § 1015(f) | 01/06/2021 |
| O.M.S. | 5:21-CR-XXXX | 18 U.S.C. § 1015(f) | 01/06/2021 |
| Miriam Perez-Robledo | 5:21-CR-11-D | 18 U.S.C. § 1015(f) | 01/06/2021 |
| A.O. | 5:21-CR-XXXX | 18 U.S.C. § 1015(f) | 01/06/2021 |
| M.A.H.R. | 5:21-CR-XXXX | 18 U.S.C. § 1015(f) | 01/06/2021 |
| Jose Abraham Navarro | 7:21-CR-00015-M | 18 U.S.C. §§ 1015(f); 611(a) | 02/03/2021 |
| M.A.C | 5:21-CR-XXXX | 18 U.S.C. §§ 1546(a); 1015(a) | 02/19/2021 |
| L.C.C. | 5:21-CR-XXXX | 18 U.S.C. § 1015(f) | 02/19/2021 |
| M.D.M | 5:21-CR-XXXX | 18 U.S.C. §§ 1425(a); 1546(a); 1015(a) | 02/19/2021 |

13

| | | | |
|---|---|---|---|
| S.P. | 5:21-CR-XXXX | 18 U.S.C. § 1015(f) | 02/19/2021 |
| G.I.R. | 5:21-CR-XXXX | 18 U.S.C. § 1015(f) | 02/17/2021 |
| F.N. | 5:21-CR-XXXX | 18 U.S.C. §§ 1015(f); 1546(a); 1015(a) | 02/17/2021 |

**CRIMINAL INFORMATION (1)**

| | | | |
|---|---|---|---|
| Gabriela Guzman-Miguel | 5:21-MJ-1022-RN | 18 U.S.C. § 611(a) | 01/12/2021 |

**PRE-TRIAL DIVERSION (25)**

**The following non-citizens, upon accepting responsibility for their behavior, were offered the opportunity to participate in pre-trial diversion. The pre-trial diversion agreements required compliance with certain conditions, including the cancellation of voter registrations, if still registered to vote, and not registering unless and until the non-citizen immigration status is adjusted or changed to that of a United States citizen. The matters in which names appear initialed were resolved before any charges were filed.**

1. R.A.M.: registered 09/22/2016, Wilson County, North Carolina, 18 U.S.C. § 1015(f).

2. D.A.R.: registered 11/12/2016, Pitt County, North Carolina, 18 U.S.C. § 1015(f).

3. L.A.T.: registered 04/19/2016, Bladen County, North Carolina, 18 U.S.C. § 1015(f).

4. T.A.: registered 09/28/2016, Wilson County, North Carolina, 18 U.S.C. § 1015(f).

5. E.B.P.: registered 09/18/2016, Wake County, North Carolina, 18 U.S.C. § 1015(f).

14

6. <u>R.C.B.</u>: registered 04/15/2016, Cumberland County, North Carolina, 18 U.S.C. §§ 1015(f) and 611(a).

7. <u>F.C.L.</u>: registered, 09/17/2015, Wilson County, North Carolina, 18 U.S.C. § 1015(f).

8. <u>S.C.S.</u>: registered 03/11/2016, and 04/03/2018, Nash County, North Carolina, 18 U.S.C. § 1015(f).

9. <u>S.G.T.</u>: registered 01/05/2016, Wake County, North Carolina, 18 U.S.C. § 1015(f).

10. <u>S.G.</u>: Registered 06/29/2016, Cumberland County, North Carolina, 18 U.S.C. § 1015(f).

11. <u>L.H.R.</u>: registered 09/23/2016, New Hanover County, North Carolina, 18 U.S.C. § 1015(f).

12. <u>P.L.J.</u>: registered 03/16/2016, Pasquotank County, North Carolina, 18 U.S.C. § 1015(f).

13. <u>W.L</u>: registered 09/06/2016, Wake County, North Carolina, 18 U.S.C. § 1015(f).

14. <u>O.M.S.</u>: registered 09/28/2016, Harnett County, North Carolina, 18 U.S.C. § 1015(f).

15. <u>G.M.R.</u>: registered on 07/17/2015, in Wake County, North Carolina, 18 U.S.C. § 1015(f).

16. <u>J.R.P.</u>: registered on 09/16/2016, in Wake County, North Carolina, 18 U.S.C. § 1015(f).

17. <u>S.S.</u>: registered on 09/14/2016 in Wake County, North Carolina, 18 U.S.C. § 1015(f).

18. <u>A.S.</u>: registered on 04/14/2016, in Wake County, North Carolina, 18 U.S.C. § 1015(f).

15

19. V.V.V.: registered on 02/05/2016 in Wake County, North Carolina, 18 U.S.C. § 1015(f).

20. R.N.W.: registered 11/08/2016, in Craven County, North Carolina, 18 U.S.C. §§ 1015(f) and 611(a).

21. M.H.E.: registered on 06/27/2016, in Wake County, North Carolina, 18 U.S.C. § 1015(f).

22. J.K.: registered on 09/07/2016 in Wake County, North Carolina, 18 U.S.C. § 1015(f).

23. Ruth Elizabeth Bran: registered on 07/18/2016 in Wayne County, North Carolina, 18 U.S.C. §§ 1015(f), 1425(a), 1546(a), and 1015(a).

24. C.C.C.: registered 11/08/2016, in Johnston County, North Carolina, 18 U.S.C. § 1015(f).

25. M.Y.H.: registered 11/08/2016, in Wake County, North Carolina, 18 U.S.C. § 1015(f).

## PRE-TRIAL DIVERSION – IN PROCESS (9)

**The following individuals are in the process of being evaluated for participation in the pre-trial diversion program.**

1. B.L.F.: registered on 06/06/2016, in Wake County, North Carolina, 18 U.S.C. § 1015(f).

2. W.G.M.: registered 09/29/2016, in Cumberland County, North Carolina, 18 U.S.C. § 1015(f).

3. S.N.: registered on 10/03/2016, in Wake County, North Carolina, 18 U.S.C. § 1015(f).

4. E.B.: completed a provisional voting application on 11/08/2016 in Wayne County, North Carolina, 18 U.S.C. § 1015(f).

16

5. J.C.S.: registered on 05/27/1998, applied for naturalization on 12/13/2016 and stated he never claimed to be a United States citizen, or registered to vote, 18 U.S.C. §§ 1425(a), 1546, 1015(a).

6. W.D.G.: registered 06/05/2006, applied for naturalization on 03/10/2018, and stated he never claimed to be a United States citizen, or registered to vote, 18 U.S.C. §§ 1425(a), 1546, 1015(a).

7. J.H.: registered on10/12/2016, in Wake County, North Carolina, 18 U.S.C. § 1015(f).

8. O.S.N.: registered on 11/08/2016 in Wake County, North Carolina, 18 U.S.C. § 1015(f).

9. Jeffrey Kenneth Hamilton: registered 09/08/2014 in New Hanover County, 18 U.S.C. §§ 1425(a), 1546(a), and 1015(a).

## DETERMINED TO BE UNITED STATES CITIZENS (6)

**It was determined that the following individuals were, in fact, United States citizens.**

1. H.A.: derivative United States citizen.

2. M.C.G.: naturalized 7/15/2016, same date she registered to vote.

3. A.D.: orphan, derivative United States citizen on 1/08/2016.

4. J.R.: naturalized United States citizen on 03/07/1990.

5. L.W.: derivative United States citizen.

6. M.G.: derivative United States citizen.

17

## PROVISIONAL VOTER APPLICATIONS (4)

The following individuals were registered to vote based on a provisional voting application.

1. <u>L.A.T.</u>: registered on 4/19/2016. On November 8, 2016, L.A.T. completed a provisional voting application in Bladen County, North Carolina. L.A.T. did not complete the questions pertaining to United States citizenship or age. An election official signed off on the provisional application. There does not appear to be a vote cast based on this application. On May 26, 2017, L.A.T. subsequently filed a "cancellation of voter registration".

2. <u>E.B.</u>: completed a provisional voting application on 11/08/2016 in Wayne County, North Carolina. E.B. falsely claimed he was a citizen of the United States. NCSBE placed him in the voter registration database as being registered on 11/08/2016. E.B. is currently listed as "inactive".

3. <u>M.C.C.</u>: completed a provisional voting application on November 8, 2016, in Johnston County, North Carolina. M.C.C. falsely stated she was a citizen of the United States. NCSBE placed her in the voter registration database as being registered on 11/08/2016. M.C.C. is currently listed as "active".

4. <u>M.Y.H.</u>: completed a provisional voting application on 11/08/2016, in Wake County, North Carolina. M.H. falsely stated she was a citizen of the United States. NCSBE placed her in the voter's registration database as being registered on 11/08/2016.

## ACTIVE/INACTIVE/REMOVED

As part of the requirements for pre-trial diversion, those that falsely claimed to be a United States citizen were required to, among other things, turn in their voter registration cards, send a cancellation request to NCSBE to remove themselves from the voter rolls, and not vote in any future elections, until if and when they become United States citizens.

Seven individuals that were criminally prosecuted and convicted in the first phase of "NON-CITIZENS WHO VOTED" are still listed in the NCSBE public site as "active".

18

| | |
|---|---|
| Listed as "ACTIVE" | 18 |
| Listed as "INACTIVE" | 47 |
| Listed as "REMOVED" | 44 |

## NON-CITIZEN REGISTRANTS BY COUNTRY OF ORIGIN

| | |
|---|---|
| Afghanistan | 2 |
| Belize | 1 |
| Bermuda | 1 |
| Canada | 2 |
| China, Peoples Republic | 1 |
| Colombia | 1 |
| Costa Rica | 1 |
| Cuba | 2 |
| Democratic Republic of the Congo | 5 |
| Dominican Republic | 3 |
| Ecuador | 2 |
| Egypt | 1 |
| El Salvador | 5 |
| France | 1 |
| Germany | 1 |
| Grenada | 1 |
| Guam | 1 |
| Guatemala | 3 |
| Guyana | 1 |
| Haiti | 6 |
| Honduras | 4 |
| India | 4 |
| Iraq | 2 |
| Italy | 1 |
| Jamaica | 3 |
| Japan | 1 |
| Kenya | 1 |
| Korea | 1 |

| | |
|---|---|
| Kuwait | 1 |
| Mexico | 36 |
| Nicaragua | 1 |
| Nigeria | 6 |
| Pakistan | 2 |
| Panama | 1 |
| Peru | 2 |
| Philippines | 1 |
| Poland | 1 |
| Portugal | 1 |
| Russia | 1 |
| Rwanda | 1 |
| Sierra Leon | 1 |
| Spain | 1 |
| United Kingdom | 2 |
| Vietnam | 1 |
| Yemen | 1 |

## IMMIGRATION STATUS

| | |
|:---:|:---:|
| Illegal/DACA | 23 |
| Non-Immigrants | 2 |
| TPS | 4 |
| LPR | 75 |
| Refugee | 1 |
| USC | 15* |

*Nine (9) of the fifteen, obtained their United States citizenship after they registered to vote or voted, and falsely stated on the naturalization application they had never falsely stated they were a United States citizen, or had previously registered to vote. These individuals were either offered pre-trial diversion, indicted, or are pending further administrative action by Immigration and Customs Enforcement (ICE).

## PRE-POPULATED BY NCDMV

A review of all voter registration applications that were generated by a NCDMV transaction, indicated the forms appear to be pre-populated as to United States citizenship status and "I attest" United States citizenship. Redacted

Redacted

## REFERRALS TO OTHER DISTRICTS

As a result of the production(s) received from NCSBE, referrals of viable criminal charges were distributed to the Middle and Western Districts of North Carolina. As of this date the Middle District has charged 19 by way of Indictment or Criminal Information.